IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
VICTORIA JOHNSON,                    )
                                     )
        Plaintiff and                )
        Counterclaim Defendant,      )
                                     )
             v.                      )   1:09CV957
                                     )
UNITED STATES OF AMERICA,            )
                                     )
        Defendant, Counterclaim      )
        Plaintiff, and Third-        )
        Party Plaintiff,             )
                                     )
             v.                      )
                                     )
SAMMY E. JOHNSON,                    )
                                     )
        Third-Party Defendant.       )
```

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on a Motion to Amend Counterclaim and Third-Party Complaint to Add Third-Party Defendants filed by the United States of America (Docket Entry 23). For the reasons that follow, the Court will grant the motion.

BACKGROUND

Victoria Johnson instituted an action for wrongful levy of taxes against the United States. (Docket Entry 1.) The United States answered, asserted a counterclaim against Victoria Johnson, and lodged a third-party complaint against Sammy E. Johnson. (Docket Entry 14.) According to the United States, "Sammy E. Johnson is indebted to the United States for in excess of $480,000 with respect to his 2006 income taxes . . . [and] [h]is transfer of

[certain] proceeds to his wife left him without funds in his name to pay his 2006 income tax liability." (Docket Entry 23-1 at 1-2.) "The United States asserts that [said] transfer of funds from Sammy E. Johnson to his wife, Victoria Johnson, was fraudulent to the United States." (Id. at 1.)

After Victoria Johnson and Sammy E. Johnson answered the counterclaim and third-party complaint (Docket Entry 17), the Court adopted the parties' Joint Rule 26(f) Report that provided, inter alia, for the amendment of pleadings and addition of parties by August 1, 2010, and the close of discovery by November 1, 2010. (Docket Entry 20 (adopting Docket Entry 19).) The Clerk thereafter set the case for trial during the July 2011 Master Calendar Term. (Docket Entries 21, 22.)

On August 23, 2010, the United States filed the instant motion seeking leave to amend its pleadings and a copy of the proposed amendment. (Docket Entries 23, 24.) Based on information "that in late 2006 Victoria Johnson gave some of the money she received from her husband to two of her children . . . and received no consideration in return . . .[,] [t]he United States seeks to amend its counterclaim and third-party complaint so that it may assert claims against [said individuals, Matthew and Hunter Schofield]." (Docket Entry 23-1 at 2.) Victoria Johnson responded in opposition. (Docket Entry 26.)

DISCUSSION

A deadline in a scheduling order regarding the amendment of a complaint (including to add parties) does not foreclose any such amendment beyond the date set; instead, after such deadline, a litigant must satisfy not only the standard for the proposed amendment under other applicable Federal Rules of Civil Procedure, but also the "good cause" standard for alteration of a scheduling order under Federal Rule of Civil Procedure 16(b)(4). See Nourisan Rug Corp. v. Parvizan, 535 F.3d 295, 298-99 (4th Cir. 2008).

In this case, the United States contends that "good cause" exists to justify its pursuit of the instant proposed amendment beyond the Scheduling Order's August 1, 2010, deadline for such action because it only learned the relevant facts giving rise to the proposed amendment during the course of discovery in this case on July 27, 2010, and that the amendment was sought as soon as appropriate administrative authority to pursue the amendment could be obtained. (See Docket Entry 23-1 at 2-3.) Victoria Johnson did not dispute that the foregoing facts establish "good cause" within the meaning of Federal Rule of Civil Procedure 16(b). (See Docket Entries 26, 26-1.) The Court finds that Victoria Johnson has conceded this matter and that the facts proffered by the United States establish the requisite "good cause." See Kinetic Concepts, Inc. v. ConvaTec Inc., No. 1:08CV918, 2010 WL 1667285, at *6-8 (M.D.N.C. Apr. 23, 2010) (unpublished) (analyzing this Court's

Local Rules 7.3(f), 7.2(a), and 7.3(k) and discussing authority supporting proposition that failure to respond to argument amounts to concession); Interstate Narrow Fabrics, Inc. v. Century USA, Inc., 218 F.R.D. 455, 460 (M.D.N.C. 2003) (observing that moving party's belated discovery of facts underlying amendment can provide "good cause" required by Federal Rule of Civil Procedure 16(b), where moving party acted with sufficient diligence).

Disposition of this motion therefore turns on the general standard for amendments: "The [C]ourt should freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2). Under this standard, the Court has some discretion, "but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion." Foman v. Davis, 371 U.S. 178, 182 (1962). Reasons to deny leave to amend a pleading include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment," id.

According to the United States, "[i]f a transfer is fraudulent under the Federal Debt Collection Procedures Act, the United States may recover from the transferee, [in this case,] Victoria Johnson. 28 U.S.C. §§ 3306(a); 3307(b). This Act also provides that the United States may recover from subsequent transferees where those

transferees do not provide value for the transfer. 28 U.S.C. § 3307(b)(2)." (Docket Entry 23-1 at 2.) The United States contends that the interests of justice (including the interests of efficiency and judicial economy in avoiding the necessity of a separate action against Matthew and Hunter Schofield) warrant allowance of the proposed amendment. (See id. at 2-3.)

Victoria Johnson opposes the amendment on the ground that the proposed claims by the United States against Matthew and Hunter Schofield will fail if the United States cannot establish that the initial transfer of funds from Sammy E. Johnson to Victoria Johnson was fraudulent; as a result, she contends that the proposed amendment is not "ripe." (Docket Entry 26-1 at 4-5.) As Victoria Johnson's brief observes, a ripeness challenge effectively asserts that a litigant has failed to state a claim. (See id. at 5.)

An assertion of this sort constitutes opposition to an amendment on grounds of futility. See Syngenta Crop Prod., Inc. v. EPA, 222 F.R.D. 271, 278 (M.D.N.C. 2004) ("An amendment would be futile if the amended claim would fail to survive a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6)."). The United States Court of Appeals for the Fourth Circuit has declared that leave to amend "should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face." Johnson v. Oroweat Foods, 785 F.2d 503, 510 (4th Cir. 1986). See

-5-

also Kinetic Concepts, Inc. v. ConvaTec Inc., No. 1:08CV918, 2010 WL 1427592, at *11 n.10 (M.D.N.C. Apr. 8, 2010) (unpublished) (observing that, "in reviewing a proposed amendment for futility, the question of "[w]hether [a litigant's] allegations . . . are ultimately provable or accurate is not an issue before the Court" (internal quotation marks omitted)).

On the present record, the Court cannot make a finding that the proposed amendment fails due to clear insufficiency or frivolousness; indeed, Victoria Johnson has cited no case law in support of her lack of ripeness argument, nor has she shown that the United States likely will fail to show the fraudulent nature of the initial transfer of funds to her from Sammy E. Johnson. Accordingly, the Court will not deny the United States leave to amend due to the alleged unripeness of the proposed claims against Matthew and Hunter Schofield. Moreover, the record reveals no other rationale identified by Foman that would warrant denial of the amendment in question.[1]

## CONCLUSION

Given the foregoing considerations, the Court will grant the motion to amend filed by the United States and will permit the

---

[1] In this regard, the Court notes that, to the extent Victoria Johnson complains that the amendment will cause prejudice to Matthew and Hunter Schofield, such arguments are dependent entirely on the lack of ripeness argument that she has failed to sufficiently establish at this juncture and that Foman speaks of undue prejudice to the party opposing the amendment (in this case, Victoria Johnson), not to proposed new parties.

-6-

Amended Counterclaim and Third-Party Complaint previously filed by the United States to stand as a proper pleading in this case.[2]

**IT IS THEREFORE ORDERED** that the Motion to Amend Counterclaim and Third-Party Complaint to Add Third-Party Defendants by the United States (Docket Entry 23) is **GRANTED**. The Amended Counterclaim and Third-Party Complaint filed by the United States (Docket Entry 24) shall stand as a proper pleading in this case and the United States shall make prompt service on Matthew and Hunter Schofield under Federal Rule of Civil Procedure 4. Once that service has been accomplished and the new parties have made a responsive pleading, the parties immediately shall consult about whether the discovery period should be re-opened or other case management deadlines should be adjusted in light of this amendment and shall file a status report with the Court identifying any areas of agreement or dispute between them regarding such matters.

/s/ L. Patrick Auld<br>
**L. Patrick Auld**<br>
**United States Magistrate Judge**

November 9, 2010

---

[2] For reasons stated in <u>Deberry v. Davis</u>, No. 1:08CV582, 2010 WL 1610430, at *7 n.8 (M.D.N.C. Apr.19, 2010) (unpublished), the undersigned Magistrate Judge will enter an order, rather than a recommendation.