IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
VICTORIA JOHNSON,                      )
                                       )
      Plaintiff and                    )
      Counterclaim Defendant,          )
                                       )
            v.                         )      1:09CV957
                                       )
UNITED STATES OF AMERICA,              )
                                       )
      Defendant, Counterclaim          )
      Plaintiff, and Third-            )
      Party Plaintiff,                 )
                                       )
            v.                         )
                                       )
SAMMY E. JOHNSON, J. HUNTER            )
SCHOFIELD, and MATTHEW SCHOFIELD,      )
                                       )
      Third-Party Defendants.          )
```

## MEMORANDUM OPINION AND ORDER

This case comes before the Court pursuant to a Status Report from the United States (Docket Entry 37) filed pursuant to a prior Order of the Court (Docket Entry 28), which Status Report the Court then converted into a motion requesting the establishment of a schedule for dispositive motions and of a new trial date (Docket Entry 38). After receiving further briefing from the parties regarding the matter (Docket Entries 40, 41), the Court finds good cause to enter a briefing schedule for dispositive motions and to defer any trial of this matter until after the Court has an opportunity to consider any such dispositive motions.

BACKGROUND

The instant litigation commenced when Victoria Johnson filed a Complaint for wrongful levy of taxes against the United States. (Docket Entry 1.) The United States answered, asserted a Counterclaim against Victoria Johnson, and lodged a Third-party Complaint against Sammy E. Johnson. (Docket Entry 14.)[1] After Victoria and Sammy E. Johnson answered the Counterclaim and Third-party Complaint (Docket Entry 17), the Court adopted the parties' Joint Rule 26(f) Report that provided, inter alia, for the close of discovery by November 1, 2010. (Docket Entry 20 (adopting Docket Entry 19).)[2] The Clerk then set the case for trial during the Court's July 2011 Master Calendar Term. (Docket Entries 21, 22.)

Before discovery ended, the United States moved to amend their Counterclaim and Third-party Complaint to add Matthew and J. Hunter Schofield as third-party defendants. (Docket Entry 23.)[3] The Court granted said Motion and directed the United States to make service of the amended pleading on Matthew and J. Hunter Schofield. (Docket Entry 28 at 7.) In addition, the Court ordered that, upon

---

[1] According to the United States, "Sammy E. Johnson is indebted to the United States for in excess of $480,000 with respect to his 2006 income taxes" and "[h]is transfer of [certain] proceeds . . . to his wife, Victoria Johnson, was fraudulent to the United States." (Docket Entry 23-1 at 1-2.)

[2] Under the Court's Local Rules, based on that deadline for the close of discovery, dispositive motions would have been due on December 1, 2010. See M.D.N.C. R. 56.1(b).

[3] The United States alleges that Matthew and J. Hunter Schofield received subsequent transfers from Victoria Johnson that the United States may recover to satisfy Sammy E. Johnson's tax liability. (See Docket Entry 23-1 at 2.)

-2-

the perfection of service and the filing of responsive pleadings by the new parties, all parties: 1) must consult about whether the discovery period should be re-opened or other case management deadlines should be adjusted; and 2) must file a status report with the Court identifying any areas of agreement or dispute between the parties regarding such matters. (Id.)

Matthew and J. Hunter Schofield waived service and (after obtaining extensions of time) answered. (Docket Entries 30, 31, 34-36.) The United States thereafter filed a Status Report in which it reported that all parties except J. Hunter Schofield responded to its efforts to confer as the Court directed and agreed that "the discovery period does not need to be re-opened." (Docket Entry 37 at 2.) The Status Report further declared that the United States and Matthew Schofield agreed that the Court should set a schedule for filing dispositive motions, but that Victoria and Sammy E. Johnson "do not see a need for the parties to file such motions." (Id.) Finally, the United States requested that, if the Court sets a schedule for dispositive motions, the Court remove the case from its current trial setting "to permit the Court to consider the parties' motions [in advance of any trial]." (Id.)

The Court then entered an Order treating said Status Report as a motion requesting the establishment of a schedule for dispositive motions and of a new trial date consistent with that schedule. (Docket Entry 38.) In that Order, the Court gave Victoria and

-3-

Sammy E. Johnson and J. Hunter Schofield an opportunity to respond to the foregoing request by the United States and permitted a reply to any such response. (See id. at 3.) Consistent with the Court's foregoing Order, Victoria and Sammy E. Johnson filed a memorandum opposing a briefing schedule (and related continuance of the trial) and the United States replied. (Docket Entries 40, 41.)[4]

## DISCUSSION

As grounds for their opposition to the request by the United States, Victoria and Sammy E. Johnson first contended that the United States should have filed a dispositive motion earlier. (See Docket Entry 40 at 2.) The Court finds this argument unpersuasive because the prior Order granting the request by the United States to amend its pleadings to add Matthew and J. Hunter Schofield as third-party defendants recognized that the addition of parties interrupted the existing case-management schedule. (See Docket Entry 28 at 7.) More specifically, because of the provisions of that Order, at the time of the original deadline for filing dispositive motions (i.e., December 1, 2010), the United States knew that the Court contemplated reopening discovery after service upon and responsive filings by the new parties. (See id.) Accordingly, the United States acted prudently in waiting to file

---

[4] In said Memorandum, Victoria and Sammy E. Johnson represented that Matthew Schofield had withdrawn his consent to the establishment of a dispositive motion briefing schedule and related alteration of the trial date. (Docket Entry 40 at 1.) The United States subsequently confirmed that fact. (Docket Entry 41 at 3 n.4.) J. Hunter Schofield did not file a responsive memorandum. (See Docket Entries dated May 5, 2011, to the present.)

-4-

any dispositive motion until after all parties had been heard about the need to re-open discovery.[5]

Victoria and Sammy E. Johnson next asserted that briefing on dispositive motions likely would not serve any purpose because of a ruling rendered in a related bankruptcy proceeding.  (See Docket Entry 40 at 2.)  They provided no details about said ruling.  (See id.)  In its Reply, the United States attached a copy of the written order from the bankruptcy case (which did not set out the factual or legal basis for the ruling, but instead referred generally to matters discussed during a hearing).  (Docket Entry 41 at Ex. A.)  The United States argued that "[t]he Bankruptcy Court's denial of the government's summary judgment motion . . . may have been based on factual issues particular to the [bankruptcy] case." (Id. at 3.)  The United States outlined the potentially distinctive factual issues at play in the bankruptcy case and also cited an intervening court decision from another district that it contends might impact the Court's analysis of the relevant legal issues. (See id. at 3-4.)  Under these circumstances, the Court cannot conclude that the ruling in the related bankruptcy case rendered futile any dispositive motion by the United States in this case.

---

[5] Indeed, as the United States pointed out in its Reply (see Docket Entry 41 at 3), as of December 1, 2010, the United States could not have filed a dispositive motion as to its claims against Matthew and J. Hunter Schofield and thus, if the Court refused to set a new schedule for such motions, it would deny the United States any opportunity to obtain a ruling on such a motion.

-5-

Finally, Victoria and Sammy E. Johnson opposed the instant request by the United States due to the alleged burdensomeness of responding to dispositive motions in this case, particularly in light of their obligation to litigate parallel issues in the related bankruptcy case and of Victoria Johnson's health. (See Docket Entry 40 at 2-3.) Victoria Johnson instigated the litigation in this Court and apparently she and Sammy E. Johnson played a role in bringing the related bankruptcy case and adversary proceeding raising overlapping issues. (See Docket Entry 41 at 4.) Under these circumstances, the Court declines to preclude the United States from filing a dispositive motion because of any alleged burden that responding thereto might impose upon Victoria and Sammy E. Johnson, particularly given that – if, as Victoria and Sammy E. Johnson contend, the parties previously have briefed relevant matters in the related bankruptcy case – the formulation of a response to a dispositive motion by the United States should not require substantial additional time or expense.[6]

## CONCLUSION

The interruption of the case-management schedule occasioned by the addition of new parties constitutes good cause to establish a new briefing schedule for dispositive motions. The arguments of

---

[6] The Court, of course, will entertain any reasonable request for accommodation as to the briefing schedule that might arise due to Victoria Johnson's health issues.

Victoria and Sammy E. Johnson opposing that course of action lack sufficient force to require a different result.

**IT IS THEREFORE ORDERED** that:

1) on or before June 22, 2011, any party may file a dispositive motion and supporting brief;

2) on or before July 22, 2011, any party opposing such a dispositive motion shall file a response; and

3) on or before August 5, 2011, any party that filed such a dispositive motion may file a reply to any such response.

**IT IS FURTHER ORDERED** that the Clerk shall remove this case from the July 2011 Master Trial Calendar and shall place the case on a future Master Trial Calendar that affords the Court an adequate opportunity to consider any dispositive motion filed pursuant to the new briefing schedule.

                                    /s/ L. Patrick Auld
                                    **L. Patrick Auld**
                            **United States Magistrate Judge**
May 23, 2011